UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE R. ESTEP,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 4:15-cv-10381
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR AUTHORIZATION OF
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (DE 27)**

**I.    RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT IN PART** and **DENY IN PART**

Plaintiff's motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b).

**II.   REPORT**

    **A.    Introduction**

Plaintiff, Michelle R. Estep, commenced the instant action in federal court to appeal a final administrative decision denying her claim. (DE 1.) On March 17, 2016, the Court entered an order remanding the case under Sentence Four per the parties' stipulation. (DE 20.) Judgment was entered the same day. (DE 21.)

On June 18, 2016, Plaintiff filed an application for attorney fees under the Equal Access to Justice Act (EAJA).  (DE 22.)  Judge Berg referred this motion to me for hearing and determination.  (DE 23.)  The Commissioner filed a response, and, one day later, Plaintiff filed a motion to withdraw her motion.  (DEs 25, 26.)  On July 13, 2016, Judge Berg granted the motion to withdraw.

B.     **Instant Matter**

Currently before the Court is Plaintiff's August 30, 2017 motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b).  (DE 27.)[1]  Plaintiff seeks the amount of $13,064.00, based on 28.4 hours at $230 per hour with a multiplier of 2.  *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), *as clarified on reh'g* (Jan. 23, 1991) ("a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.").

The Commissioner has filed a response in which she requests a $3,550 reduction in the requested amount (28.4 hours at $125 hourly rate), based on Plaintiff's failure to timely file a motion for EAJA fees.  (DE 29.)  This would result in an award of $9,514.00.  In support of her position, the Commissioner relies upon *Wolfe v. Colvin*, No. CV 14-11397, 2016 WL 7650793, at *1 (E.D.

---

[1] Judge Berg has referred this motion to me for hearing and determination (DE 28); however, my conclusion must issue in the form of a report and recommendation, as "motions for sanctions, fees and costs are *not* to be *determined* by a magistrate judge." *Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993).

2

Mich. Dec. 30, 2016) (Stafford, M.J.) ("his award should be reduced by $3,937.50 [31.50 hours at $125 per hour] due to his failure to apply for attorney fees pursuant the Equal Access to Justice Act (EAJA)."), *report and recommendation adopted sub nom. Wolfe v. Comm'r of Soc. Sec.*, No. 14-11397, 2017 WL 467495 (E.D. Mich. Feb. 3, 2017) (Berg, J.).

## C.     Discussion

As the Sixth Circuit has explained:

> Fees for court representation may be awarded under section 406(b) of the Social Security Act and/or under the Equal Access to Justice Act (EAJA).  This is in part because of the way Congress structured each statute's fee provisions—while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  In other words, *Social Security claimants pay section 406(b) fees out of their benefits*—benefit payments that would otherwise go into their own pockets—whereas *the government must pay EAJA fees independent of the benefits award*.  Congress thus harmonized the two options for payment of fees covering the same work:  "[A]n EAJA award offsets an award under Section 406(b) ... up to the point that the claimant receives 100 percent of the past-due benefits." *Id.* at 796, 122 S.Ct. 1817 (citation omitted).

*Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 880-881 (6th Cir. 2016) (emphases added).

"The EAJA generally increases a successful Social Security claimant's portion of past-due benefits."  *Wolfe*, 2016 WL 7650793, *1 (citing *Gisbrecht*, 535 U.S. at 796).  "Fee awards may be made under both prescriptions, but the

3

claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186). *See also Drake v. Comm'r of Soc. Sec.*, No. 14-12662, 2016 WL 492704, at *1 (E.D. Mich. Feb. 9, 2016) ("the EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client.").

Here, Plaintiff's June 18, 2016 now withdrawn motion for attorney fees under the EAJA (DE 22) was filed 93 days following the March 17, 2016 judgment (DE 21); however, motions for an award of EAJA fees are due within 30 days of the final judgment in an action. 28 U.S.C. § 2412(d)(1)(B).  Based on Plaintiff's counsel's assertion that she spent "28.4 hours for her work at the Federal Court level . . . [,]" (DE 27 at 2), an hourly rate of $125 would have yielded an EAJA award of $3,550.  Because Plaintiff "failed to move for EAJA funds in accordance with § 2142(d)(1)(B)," Estep will not receive that refund.  *Wolfe*, 2016 WL 7650793, *1.  In other words, Plaintiff's failure to timely "apply for EAJA in order to increase the award to [Plaintiff] deems unreasonable the full amount of the Section 406(b) fees [s]he requests."  *Wolfe*, 2016 WL 7650793, *2.

### D. Conclusion

Plaintiff seeks an award of $13,064.00 pursuant to 42 U.S.C. § 406(b). However, where Defendant has convincingly pointed out that Plaintiff's request

4

should be reduced by $3,550 and Plaintiff has failed to file a reply convincing the Court otherwise, Plaintiff should receive a fee award of $9,514.00.  Accordingly, the Court should follow its prior opinion in *Wolfe,* **GRANT IN PART** and **DENY IN PART** Plaintiff's motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) (DE 27), and authorize payment in the amount of $9,514.00.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 22, 2018
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing documents was sent to parties of record on March 22, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti